OPINION.
Defendant-appellant, James Austin, appeals the judgment of the Hamilton County Court of Common Pleas convicting him of felonious assault with a firearm specification. He was convicted of the offense and the specification following a jury trial. For the following reasons, we affirm the trial court's judgment.
At trial, Vincent Smith testified that, on August 30, 2000, he and his cousin, Curtis Fox, were together in downtown Cincinnati. As the two were walking toward Smith's car, they saw Austin, another of their cousins. Smith testified that he spoke to Austin and that Austin glared at him menacingly. Smith continued to walk to his car, and, as he got in the driver's seat, he saw Austin at his side pointing a gun at him. Smith attempted to drive away as he and Austin struggled for the gun. The gun discharged several times, and one of the bullets struck Smith in the torso. Smith then ran away and was ultimately transported to the hospital, where he recuperated from the wound for forty-five days. Fox also testified that Austin was the person who had shot Smith.
In his defense, Austin presented the alibi testimony of his employer, who testified that he and Austin were working together at the time the shooting occurred. The jury returned a verdict of guilty.
Austin then filed a motion for a new trial on the basis of newly discovered evidence. In support of his motion, he presented the written and tape-recorded statements of Fox, who indicated that he had lied on the witness stand. Fox stated that Smith had coerced him into testifying against Austin and that Austin was not the perpetrator of the crime. After a hearing, the trial court overruled the motion for a new trial and sentenced Austin to a term of incarceration.
In his first assignment of error, Austin argues that the trial court erred in overruling his motion for a new trial. We find no merit in the assignment.
Pursuant to Crim.R. 33(A)(6), a motion for a new trial is to be granted only where the defendant demonstrates that the new evidence (1) discloses a strong possibility that it will change the result if a new trial is granted, (2) has been discovered since trial, (3) could not in the exercise of due diligence have been discovered before trial, (4) is material to the issues, (5) is not merely cumulative to former evidence, and (6) does not merely impeach or contradict the former evidence.[1]
The decision to grant or deny a motion for a new trial under Crim.R. 33(A)(6) is within the discretion of the trial court and will not be reversed absent an abuse of discretion.[2] The term "abuse of discretion" means more than a mere error of law or judgment; it implies that the decision was unreasonable, arbitrary, or unconscionable.[3]
In the case at bar, we find no error in the trial court's holding that the first prong of the Petro test had not been established. As noted by the trial court, a witness's recantation of trial testimony is inherently suspect and should be subjected to the closest scrutiny.[4] Here, the record additionally suggests that Fox had told the police that Austin was the perpetrator of the offense at a time when Smith was still incapacitated by his injuries, thus belying the assertion that Smith had coerced the identification. Moreover, the prosecution's case against Austin did not rest solely on the testimony of Fox, as Smith had also identified Austin as the assailant. Although Fox's testimony recanting his prior statements would have been inherently suspect if a new trial had been granted, Smith would presumably still have indicated that Austin was the culprit. Therefore, the trial court was justified in concluding that the new evidence was not likely to change the result of a new trial. In any event, we cannot say that the trial court's denial of the motion for a new trial was unreasonable, arbitrary, or unconscionable, and we accordingly overrule the first assignment of error.
In his second assignment of error, Austin argues that the trial court erred in refusing to hear the live testimony of Fox at the hearing on the motion for a new trial. We are not persuaded. The written and tape-recorded statements of Fox were admitted without objection, and the trial court explicitly stated that it had considered and understood the statements. Although counsel for Austin indicated that Fox could explain his statements, he could not state with any specificity what type of explanation was necessary. The trial court had witnessed Fox's trial testimony and was therefore able to assess whether the subsequent recantation was sufficiently reliable to require a new trial. We find no error in the court's refusal to hear additional testimony at the hearing on the motion. The second assignment of error is overruled.
In his third and fourth assignments of error, respectively, Austin contends that the convictions for the offense and the specification were based upon insufficient evidence and were contrary to the manifest weight of the evidence. In the review of the sufficiency of the evidence to support a conviction, the relevant inquiry for the appellate court "is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt."[5] To reverse a trial court's judgment on the manifest weight of the evidence, a reviewing court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and conclude that, in resolving the conflicts in the evidence, the trier of fact clearly lost its way and created a manifest miscarriage of justice.[6]
The felonious-assault statute, R.C. 2903.11(A)(1), provides that "[n]o person shall knowingly * * * [c]ause serious physical harm to another or to another's unborn * * * . In the case at bar, the convictions were in accordance with the evidence presented on the elements of the offense and the specification. Smith testified that Austin looked at him menacingly and moments later pointed a gun at him. During the struggle for the gun, Austin shot him in the torso, causing injuries that required hospitalization for forty-five days. Fox corroborated Smith's testimony in all substantial respects. Thus, a rational trier of fact could have found that the elements of felonious assault with a firearm specification had been proved beyond a reasonable doubt.
In arguing that the convictions were against the manifest weight of the evidence, Austin emphasizes the inconsistencies in the testimony of Smith and Fox. For example, he notes that, according to Smith, Fox was across the street when the shots were fired, whereas Fox testified that he was on the passenger side of Smith's car. Similarly, Smith stated that Austin's car was stopped at a traffic light before the shooting, while Fox testified that Austin had stopped in the middle of the street. Austin also points to Smith's prior convictions for drug trafficking as evidence of his lack of credibility. Finally, he cites the alibi evidence in arguing that the convictions were improper. Although we acknowledge that these circumstances tended to weaken the state's case, the weight to be given the evidence and the credibility of the witnesses were primarily for the trier of fact.[7] Here, we cannot say that the jury clearly lost its way and created a manifest miscarriage of justice. Therefore, the third and fourth assignments of error are overruled.
In his fifth and final assignment of error, Austin argues that he was denied the effective assistance of trial counsel. Specifically, he contends that trial counsel was deficient in offering evidence that Austin had been convicted of driving under the influence of alcohol in the past and that, less than two hours after the shooting of Smith, he was present at his scheduled court-ordered alcohol-rehabilitation session. Austin argues that the effect of the evidence and counsel's comments on it was to impugn his character rather than to bolster his alibi defense. We find no merit in this argument.
To establish ineffective assistance of counsel, there must be a showing that counsel's performance fell below an objective standard of reasonable representation and, in addition, that prejudice arose from counsel's performance.[8] In the case at bar, we agree with the state that the introduction of the contested evidence was a matter of trial strategy and did not constitute deficient performance. That the alibi defense was not ultimately successful does not establish that counsel's attempt to bolster the alibi was improper or that Austin was deprived of a fair trial. The fifth assignment of error is overruled, and the judgment of the common pleas court is affirmed.
Judgment affirmed.
Doan, P.J., and Sundermann, J., concur.
[1] State v. Petro (1947), 148 Ohio St. 505, 76 N.E.2d 370, syllabus.
[2] State v. Campa (Mar. 29, 2002), Hamilton App. No. C-010254, unreported.
[3] State v. Adams (1980), 62 Ohio St.2d 151,157, 404 N.E.2d 144,149.
[4] State v. Bradley (1995), 101 Ohio App.3d 752, 758-759,656 N.E.2d 721, 725.
[5] State v. Waddy (1992), 63 Ohio St.3d 424, 430, 588 N.E.2d 819,825.
[6] State v. Thompkins (1997), 78 Ohio St.3d 380, 386, 678 N.E.2d 541,546.
[7] State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus.
[8] Strickland v. Washington (1984), 466 U.S. 668, 687,104 S.Ct. 2052, 2064; State v. Bradley (1989), 42 Ohio St.3d 136, 538 N.E.2d 373, paragraphs two and three of the syllabus.